**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CORDELL O. COLBERT,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **CASE NO. 6:19-cv-685** |
| | § | **JURY TRIAL DEMANDED** |
| **CATERPILLAR, INC.** | § | |
| **Defendant** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Cordell O. Colbert, complains of Caterpillar, Inc.,hereinafter referred to as Defendant, and files this Original Complaint and for such would show the Court and Jury the following:

## SUMMARY OF SUIT

*This is an employment discrimination suit involving the job termination of Plaintiff by Defendant because of Plaintiff's disability and/or retaliation for having complained of discrimination, and/or for having requested a reasonable accommodation to his disability, as defined and prohibited by Chapter 21 of the Texas Labor Code and the Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA).

**JURISDICTION & VENUE**

1. Defendant alleges that it is a corporation that was incorporated in a state other than the State of Texas. Plaintiff is a legal resident of the state of Texas and the United States of America; therefore, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

2. Jurisdiction is also based on a federal question under 28 U.S.C. § 1331 to the extent Plaintiff asserts claims under federal law; i.e., *the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendment Act (ADAAA).*

3. Jurisdiction of Plaintiff's claims under *Chapter 21 of* the *Texas Labor Code (Chapter 21 TLC)* is also appropriate under *28 U.S.C. § 1367*, since the state law causes of action are so related to the federal claims in the action within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4. At all times relevant to this cause of action, Plaintiff was an "employee" of Defendant and Defendant was an "employer," as these terms are defined under the *ADA*, and *Chapter 21 Texas Labor Code*. Plaintiff has exhausted all administrative remedies as required by law and as hereinafter stated.

5. Defendant has a business location in McLennan County, Texas, which is within the Waco Division of the Western District of Texas. A substantial portion of the causes of action complained of herein occurred in McLennan County, Texas.

**PARTIES**

6. Plaintiff is Cordell O. Colbert, an individual who is a resident of Texas. Defendant does business in McLennan County, Texas. The registered agent for Defendant is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

7. The incidents in question occurred at Defendant's location in McLennan County, Texas.

8. Defendant is one or more entities with which Plaintiff was employed and was discharged from employment on or about May 5, 2018.

9. Plaintiff brings this suit against any partnership, unincorporated association, private corporation, or individual doing business under an assumed name or using the name, Caterpillar, Inc. Plaintiff brings this suit against the entity with which Plaintiff was employed and was discharged from employment on May 7, 2018.

10. At all times relevant to this suit, Defendant did business in McLennan County, Texas and used the common and/or assumed name Caterpillar, Inc. while employing Plaintiff. Therefore, Plaintiff uses this name in this suit against the true entity or entities that employed, injured, discriminated against, and illegally discharged Plaintiff from employment with it.

**FACTS**

11. Plaintiff was an employee of Defendant as a warehouse worker at Defendant's location in McLennan County, Texas. Plaintiff worked as a full time employee of Defendant from January 2018 until he was discharged on or about May 5, 2018.

12. Plaintiff is a veteran of the United States military. As a result of a low back injury while in the military, he suffered an impairment to his lower back with sciatic nerve impingement that not only causes him impairing pain at times, but also affects his urinary system, so that he needs to urinate more often than most people in the population and is sometimes affected with urinary urgency and incontinence. However, Plaintiff was otherwise qualified for his job and could do the essential functions of his job.

13. When Plaintiff was honorably discharged from the military, he had the status of a "veteran with a disability," as that term is described under military regulations, the Veteran's

Administration, and other applicable laws, including the *Vietnam Era Veterans Readjustment Act of 1974,* 38 U.S. Code §4212.

14. Plaintiff's supervisor objected to him having to use the restroom so often and complained to Plaintiff about the frequency. Beginning in February 2018, Plaintiff noticed that he was being followed and watched by other employees when he went to use the restroom.

15. On or about March 14, 2018, Plaintiff called the helpline provided by Defendant and complained about the harassment due to his disability.

16. About a week after Plaintiff's complaint, Plaintiff was called into Defendant's Human Resources department and questioned about his disability. Plaintiff explained again about his impairment/disability and the need to use the restroom frequently. The only accommodation requested was to be allowed to use the restroom as needed, without being harassed.

17. On or about April 30, 2018, Plaintiff was experiencing severe pain in his back due to his impairment/disability and requested and received permission to go home early using his PTO hours.

18. On or about May 2, 2018, Defendant's HR representative asked Plaintiff why he had not disclosed his impairment/disability at the time of his being hired to work for Defendant. Plaintiff explained that he was not required to reveal his disabilities by law (*Vietnam Era Veterans' Readjustment Assistance Act*, 38 U.S. Code §4212).

19. On or about May 7, 2018, Plaintiff was taken to Defendant's HR Department and terminated from his job in violation of the law, as described below. Plaintiff was told it was due to "medical reasons."

## VIOLATION OF AMERICANS WITH DISABILITIES ACT & TEXAS LABOR CODE

### Disability Discrimination

20. Plaintiff is a person with physical impairments as described above, amounting to impairing disabilities of his musculoskeletal system that substantially limits the of major life activity of lifting and bending, as well as the pain associated therewith. Also, the impingement of Plaintiff's sciatic nerve in his low back results in the impairment of a major bodily function- normal urinary bladder function. All of these impairments affect Plaintiff to a degree greater than that of the average person in the population.

21. As described above, Plaintiff is a "qualified individual with a disability," as that term is defined under the *ADA* and *Texas Labor Code* §§ 21.001 et seq.. At all times relevant to this suit, Plaintiff was an "Employee" and Defendant was an "Employer" as those terms are defined under the *ADA* and *Texas Labor Code*.

22. Plaintiff alleges that at all relevant times, he was qualified to do the essential functions of his job, and needed the reasonable accommodation of the ability to use the restroom reasonably as needed without interference.

23. Plaintiff alleges that a motivating factor in his job termination was because of his disability, Plaintiff's record of a disability, and/or Defendant regarding him as having a disability. in violation of the *ADA and the Texas Labor Code §21.051* resulting in damages as hereinafter set forth.

### Retaliation

24. Plaintiff opposed and complained to Defendant regarding the harassment due to his disability and request for a reasonable accommodation on or about March 14, 2019. Thereafter,

Defendant retaliated against Plaintiff for opposing /complaining of harassment, requesting a reasonable accommodation, and disability discrimination by terminating his employment.

25. Defendant's actions in discharging Plaintiff constituted discrimination against Plaintiff on the basis of disability and retaliation were a violation of the *ADA and the Texas Labor Code §21.051 and §21.055* resulting in damages as hereinafter set forth.

26. Plaintiff requested the reasonable accommodation of being able to use the restroom as needed because of his disability of his urinary system and was refused this reasonable accommodation and/or retaliated against for having requested and/or received a reasonable accommodation resulting in damages as hereinafter described.

27. Also, Defendant failed and/or refused its duty to enter into an interactive process with Plaintiff to discover a reasonable accommodation to Plaintiff's impairment/disabilities, which failure resulted in damages to Plaintiff as herein described.

**DAMAGES**

28. As a result of the violation of the *ADA and/or Texas Labor Code* § *21.051*, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses and past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

**ADMINISTRATIVE PREREQUISITES**

29. All conditions precedent to the cause of action under the *ADA and the Texas Labor Code § 21.051* have been performed or have occurred, including exhausting all required administrative remedies.

**PUNITIVE DAMAGES**

30. Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's federal and/or state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

**ATTORNEY FEES**

31. Plaintiff has also had to employ an attorney to vindicate his rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

**INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT**

32. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in *Chapter 21 of the Texas Labor Code* and the *ADA*, including reinstatement to his job, if reasonably possible at the time and under the circumstances then existing.

**JURY DEMAND**

33. Plaintiff hereby respectfully demands a trial by jury.

**PRAYER**

WHEREFORE, Plaintiff requests that on final hearing Plaintiff be awarded damages, as stated above, punitive damages, attorney fees related to his disability claim, reinstatement, if reasonably possible, costs of court, prejudgment interest, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
Email- danwash@washthomas.com

BY: *<u>/s/ Danny C. Wash</u>*
Danny C. Wash
State Bar No. 20896000
Attorney for Plaintiff